IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUISZ PHARMA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-1061-CJB |
| v. | ) |
| | ) **EXPEDITED BRIEFING** |
| THERANOS, INC., | ) **REQUESTED** |
| | ) |
| Defendant. | ) |

**DEFENDANT THERANOS, INC.'S MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT AND <u>EXPEDITED BRIEFING THEREON</u>**

1. Defendant Theranos, Inc. ("Theranos") respectfully requests an additional thirty (30) days to answer or otherwise respond to the Complaint. Theranos's response to the Complaint is currently due on December 22, 2011.[1] Fuisz Pharma opposes this motion.[2] Accordingly, Theranos respectfully seeks expedited review of this motion and requests Fuisz Pharma's response by Monday, December 12, 2011.

2. Responding to the Complaint requires Theranos to analyze both the infringement and invalidity issues and also, as set forth below, the procedural issues arising from the timing and circumstances of Fuisz Pharma LLC's ("Fuisz Pharma") filing of its Complaint in this Court. For the reasons set forth below, Theranos respectfully submits that a thirty-day extension is warranted.

3. Theranos is a healthcare systems company that develops and manufactures groundbreaking technologies used in the collection, analysis, and communication of health

---

[1] On November 21, 2011, the Court granted the parties' stipulation to extend the time for Theranos to respond to the Complaint to December 22, 2011.

[2] Pursuant to L.R. 7.1.1., counsel for the parties conferred in an attempt to resolve the issues raised in this motion, but Plaintiff's counsel would not agree to the extension requested herein.

information. Theranos's founder and chief executive officer, Elizabeth Holmes, conceived of the technology at issue in this litigation (and litigation currently pending in the Northern District of California, referred to herein as the "N.D. Cal. Litigation") while a chemical and electrical engineering student at Stanford University. Motivated to invent the technology, methods, and systems to realize her vision of providing accurate, cost-effective, real-time medical data to medical professionals and patients, she dropped out of Stanford at the age of nineteen to found Theranos. Today, after eight years of research and development, Theranos is poised to realize that vision. Theranos's Board of Directors includes such prominent individuals as George P. Shultz (former U.S. Secretary of State and former Secretary of the Treasury), Robert B. Shapiro (former President of Monsanto and former CEO of The NutraSweet Company), and Donald L. Lucas (a venture capital pioneer behind such legendary American job-creating enterprises as Oracle Corporation, National Semiconductor, Cadence, Macromedia, and many others).

4. On October 26, 2011, Theranos and Ms. Holmes filed an action in the Northern District of California against Richard Fuisz, Joseph Fuisz, John Fuisz, and Fuisz Technologies, Ltd. ("Fuisz Technologies"), asserting that United States Patent No. 7,824,612 (the "'612 Patent"), the same patent upon which Fuisz Pharma's claims in this District are based, was based on Theranos's and Ms. Holmes's confidential information. (A true and correct copy of the Complaint filed in the N.D. Cal. Litigation is attached hereto as Ex. 1.)[3]

5. The N.D. Cal. Complaint alleges, inter alia, that Richard and Joseph Fuisz—who had known Ms. Holmes's family for years—used Ms. Holmes's and Theranos's confidential information to improperly file for a patent application. Ms. Holmes entrusted Theranos's

---

[3] "Ex." refers to exhibits attached to the Declaration of Richard L. Horwitz in Support of Plaintiff's Motion for an Extension of Time to Answer or Otherwise Respond to the Complaint, dated December 5, 2011.

confidential and proprietary information to a law firm in which John Fuisz (Richard Fuisz's son and Joseph Fuisz's brother) was a partner, to prosecute Theranos's patents before the United States Patent and Trademark Office. Richard and Joseph Fuisz filed their provisional patent application that led to the '612 Patent approximately one month after Theranos filed patent applications concerning the same subject matter.

6. The N.D. Cal. Complaint alleges that Ms. Holmes and Timothy Kemp, a Theranos employee, are the true inventors of the '612 Patent and therefore, pursuant to 35 U.S.C. § 256 (2006), Richard and Joseph Fuisz must be removed as inventors from the '612 Patent. (Ex. 1, ¶¶ 63-74.)

7. On October 27, 2011, Richard and Joseph Fuisz were served with the Complaint in the N.D. Cal. Litigation. That same day, they purported to change the ownership of the '612 Patent by conditionally assigning it to Fuisz Pharma. (*See* Ex. 2.) Richard Fuisz (a resident of California) and Joseph Fuisz (a resident of Florida) own and control Fuisz Pharma. (Attached hereto as Exs. 3 and 4 are press releases issued by Fuisz Pharma describing Joseph Fuisz as chief executive officer and managing member and Richard Fuisz as a principal.)

8. On November 1, 2011, Fuisz Pharma filed this action. Fuisz Pharma was not initially named as a defendant because the Fuiszes listed the '612 Patent on a "Fuisz Technologies" website and no other public documentation showed that Fuisz Pharma was the owner and/or assignee of the '612 Patent. Because of Richard and Joseph Fuisz's purported assignment of their interests in the '612 Patent to Fuisz Pharma (the day after Theranos filed the N.D. Cal. Litigation), Theranos filed a motion in the N.D. Cal. Litigation pursuant to Rule 25(c) of the Federal Rules of Civil Procedure to substitute Fuisz Pharma for Fuisz Technologies as a Defendant in that action. That motion will be heard on December 23, 2011.

9. After Theranos filed its motion to substitute Fuisz Pharma for Fuisz Technologies in the N.D. Cal. Litigation—which Richard and Joseph Fuisz oppose—Richard and Joseph Fuisz's California counsel requested an extension of time to answer or otherwise respond to the N.D. Cal. Complaint. (*See* Ex. 5 (Email exchange between Laura Brill, counsel for Richard and Joseph Fuisz, and William Marsillo, counsel for Theranos).) Counsel for John Fuisz joined in that request. (Richard, Joseph, and John Fuisz are collectively referred to here as the "Fuisz Defendants.") On Friday, December 2, Richard and Joseph Fuisz moved for such an extension.

10. On Monday, November 28, 2011, counsel for Theranos spoke with counsel for Richard and Joseph Fuisz[4] and explained that Theranos would agree to a reasonable number of days extension if the Fuiszes would agree to a comparable extension in this matter.

11. Even though Richard and Joseph Fuisz control Fuisz Pharma, John Fuisz is counsel of record for Fuisz Pharma in this action, and Richard and Joseph Fuisz assigned all right, title, and interest to the '612 Patent to Fuisz Pharma the day they were served with the Complaint in the N.D. Cal. Litigation,[5] counsel for Richard and Joseph Fuisz would not agree to an extension in this proceeding, instead saying that Theranos should "contact Fuisz Pharma's counsel" in Delaware to inquire about an extension. (Ex. 5.)

12. Theranos then formally requested an extension from "Fuisz Pharma's Delaware counsel", as counsel for Richard and Joseph Fuisz insisted. (Ex. 5.)

13. On December 1, 2011, Fuisz Pharma finally responded that it would not agree to Theranos's request for a thirty day extension unless Theranos limits its response to *answering* the

---

[4] Counsel for Theranos and counsel for Richard and Joseph Fuisz attempted to contact each other by telephone on November 23, 2011, but were not able to reach one another before the Thanksgiving holiday weekend.

[5] Indeed, counsel for Richard and Joseph Fuisz is representing Fuisz Pharma in opposing the motion to substitute Fuisz Pharma for Fuisz Technologies in the N.D. Cal. Litigation.

Complaint. Fuisz Pharma would not agree to the extension if Theranos's answer to the Complaint were accompanied by a motion, such as a motion to transfer the action to the Northern District of California.

14. Fuisz Pharma's purported proposal is plainly unacceptable and a transparent attempt to advance the Fuisz Defendants' efforts to avoid litigating their improper conduct and the invalidity of their claims to the '612 Patent in the first-filed California action (where Theranos, Ms. Holmes, and Richard Fuisz are all located).

15. Theranos has demonstrated good cause for an extension here under Federal Rule of Civil Procedure 6(b)(1)(A) because it seeks a modest thirty day extension to better assess the infringement and validity issues in this litigation, to determine the counterclaims (if any) that must be pled, and to analyze whether the case should be dismissed as a result of the Fuiszes' decision to assign the patent and counter-sue in Delaware instead of the Northern District of California.

16. The first-filed N.D. Cal. Litigation will resolve whether Ms. Holmes and Mr. Kemp should be named inventors and Theranos the owner of the '612 Patent. If Theranos succeeds, Theranos cannot infringe the '612 Patent, Fuisz Pharma will have no standing to sue, and the '612 Patent may be invalid. *See, e.g.*, 35 U.S.C. § 262 (2006) (a joint owner of a patent is permitted to practice the patent without the consent of the other owners); *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1325 (Fed. Cir. 2010) (co-owner of a patent has no standing to sue alone); *Pannu v. Iolabs*, 155 F.3d 1344, 1350-51 (Fed. Cir. 1998) (a patent naming the incorrect inventors is invalid unless the inventorship issues are corrected).

17. On Friday, December 2, Richard and Joseph Fuisz moved for an extension until January 13 to respond to Theranos's complaint in the N.D. Cal. Litigation, indicating they are

not in a hurry to have the above threshold issues decided and that Fuisz Pharma will not suffer any prejudice here from a modest thirty-day extension.

18. Theranos attempted to engage in good faith discussions concerning the parties' respective requests for extensions of time to answer or otherwise respond to the complaints in the N.D. Cal. Litigation and this action. It is apparent, however, from the exchange set forth above that Fuisz Pharma and the Fuisz Defendants in the N.D. Cal. Litigation are trying to affect the schedule such that this litigation proceeds before the first-filed N.D. Cal. Litigation. As the first-filed action, of course, it is appropriate that the N.D. Cal. Litigation continue to proceed before this action.

19. Fuisz Pharma and the Fuisz Defendants have attempted from the outset to avoid answering the issues presented in the N.D. Cal. Litigation: first by Richard and Joseph Fuisz purportedly assigning their rights to the '612 Patent the day they were served with the Complaint in the N.D. Cal. Litigation, then by Fuisz Pharma objecting to Theranos's motion to substitute Fuisz Pharma for Fuisz Technologies in the N.D. Cal. Litigation, and now by attempting to limit Theranos's ability to fully analyze the infringement, validity, and procedural issues here.

20. In short, Theranos respectfully submits that it has demonstrated good cause for an extension of thirty (30) days to answer or otherwise respond to the Complaint and that such an extension will cause Fuisz Pharma no prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

BOIES, SCHILLER & FLEXNER LLP

David Boies
William D. Marsillo
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200

Eric J. Maurer
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel: (202) 237-2727

Vincent Y. Liu
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300

Dated: December 5, 2011
1037974 / 38570

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Theranos, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on December 5, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 5, 2011, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Michael J. Flynn
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
klouden@mnat.com
michael.flynn@mnat.com

John R. Fuisz
Sudip Kundu
The Fuisz-Kundu Group LLP
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
jfuisz@FuiszKundu.com
skundu@FuiszKundu.com

By: */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1037913/38570