IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUISZ PHARMA LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THERANOS, INC., )<br>)<br>Defendant. ) | C.A. No. 11-1061-CJB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiff Fuisz Pharma LLC ("Fuisz Pharma") hereby opposes the motion of defendant Theranos, Inc. ("Theranos") to further extend the time to answer or otherwise respond to the Complaint until January 23, 2012.[1]

Fuisz Pharma filed this infringement action on November 1, 2011 seeking relief pursuant to 35 U.S.C. § 271 for infringement of U.S. Patent No. 7,824,612 B2 (the "'612 Patent"). The '612 Patent issued on November 2, 2010 and was assigned to Fuisz Pharma on October 27, 2011.

The Court should deny Theranos' motion. Fuisz Pharma has already agreed to one 30-day extension of time for Theranos to answer or otherwise respond. D.I. 6. When Theranos' attorneys requested an additional 30-day extension on November 29, 2011, just five business days after receiving the first extension, Fuisz Pharma responded that it did not oppose the additional time so long as Theranos intended to file an answer to the Complaint. Fuisz Pharma explained that it would be prejudiced if Theranos sought to use the extension in this case

---

[1] Although Theranos never asked Fuisz Pharma to expedite the briefing and instead simply requested that relief in its motion, Fuisz Pharma nonetheless is providing this response in advance of the otherwise applicable deadline under the Local Rules.

to file motions that would further delay the progress of this action or to gain an advantage in the California case. Theranos rejected that offer and filed its motion.

Theranos' motion does not demonstrate "good cause" to further extend the time to respond. *See* Fed. R. Civ. P. 6(b). Theranos has not made any showing of why it needs more than the already agreed upon extra thirty days to respond to Fuisz Pharma's infringement complaint. Instead, Theranos provides in its motion pages and pages of allegations from its California case and 215 pages of exhibits. Those allegations have nothing to do with this action or Theranos' extension request here. Thus, although Fuisz Pharma strenuously disagrees with those allegations, it does not respond to them because they are not relevant to this patent infringement action and Fuisz Pharma is not a party to the California action. Nor is the California action the "first-filed case" as Theranos alleges. To the extent Theranos intends to file a motion to transfer this action in the future, however, there is no resultant harm to Theranos starting discovery on the infringement counts. Answering the Complaint and starting discovery must occur regardless of what future motions may be filed or how they may be disposed.

Theranos claims that it deserves another 30-day extension to provide yet more time "to better assess the infringement and validity issues in this litigation [and] to determine the counterclaims (if any) that must be pled." *Id.* at ¶ 15. Fuisz Pharma, however, had agreed to an additional thirty days for Theranos to conduct that investigation, provided that it did not also use that time to engage in motion practice to disrupt or delay this action. Further, there is nothing unique about the '612 Patent that makes the analysis of infringement and validity overly complicated such that compliance with the Federal Rules of Civil Procedure is not feasible. Theranos also has been aware of the application that led to the '612 Patent, published January 3, 2008, since at least 2008. *Id.* at Ex. 1 ¶¶ 50-51. Theranos and its counsel certainly had ample

opportunity to analyze the '612 Patent in detail between its issuance in November 2010 and the filing of the Northern District of California litigation in October 2011 and since then.

Theranos' other claim of "good cause for an extension" – that it needs time to "analyze whether the case should be dismissed as a result of the Fuiszes' decision to assign the patent and counter-sue in Delaware" – makes no sense. *Id.* at ¶ 15. As Theranos acknowledges in its motion, Fuisz Pharma was the owner of the '612 Patent at the time this suit was filed. *Id.* at Ex. 2 (reflecting assignment on 10/27/11, prior to the filing of this action on 11/1/11). Theranos does not even explain how its allegations about the "Fuiszes' decision to assign the patent and counter-sue in Delaware" has anything to do with this action. Again, Theranos offers no explanation for how this irrelevant issue justifies additional time to respond to the complaint in this action, much less why it would be a basis for dismissal.

Theranos finally argues that resolution of some of the eleven counts at issue in the California litigation will help to resolve issues here. *Id.* at ¶ 16. Fuisz Pharma should not be prejudiced while Theranos delays this litigation to see how its fate plays out in the separate matter in California. Moreover, the California action was filed just four business days before this action, so no substantive issues will be resolved in time to be relevant to Theranos' filing of a response to the Complaint here.

Because Theranos has not shown good cause for an additional 30-day extension (beyond the 30-day extension it was already provided) to file an answer or otherwise respond to the Complaint as required by Fed. R. Civ. P. 6(b)(1), the Court should deny the motion.

OF COUNSEL:

John R. Fuisz
Sudip Kundu
THE FUISZ-KUNDU GROUP LLP
1455 Pensylvania Avenue, N.W.
Suite 400
Washington, DC 20004
(202) 621-1889

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Thomas C. Grimm (#1098)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
mflynn@mnat.com
  *Attorneys for Plaintiff Fuisz Pharma LLC*

December 14, 2011
4736420

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP

I further certify that I caused copies of the foregoing document to be served on December 14, 2011, upon the following in the manner indicated:

Richard L. Horwitz                                    *VIA ELECTRONIC MAIL*
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Theranos, Inc.*

Eric J. Maurer                                        *VIA ELECTRONIC MAIL*
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave., NW
Washington, DC 20015
*Attorneys for Theranos, Inc.*

/s/ Michael J. Flynn
Michael J. Flynn (#5333)